IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| TIMOTHY SCOTT BARRY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:17-CV-2 (LJA) |
| | : | |
| BARI SOASH, JIM WILCOX, and | : | |
| RAYCOM MEDIA INC., D/B/A | : | |
| WALB-TV, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## **ORDER**

Before the Court is Defendants' Motion to Dismiss. Doc. 6. For the reasons stated below, Defendants' Motion is **GRANTED in part and DENIED in part**.

## **BACKGROUND**

Plaintiff Timothy Scott Barry initiated this action *pro se* in state court against his former employer, Defendant Raycom Media Inc. ("WALB"), WALB's News Director, Defendant Bari Soash, and WALB's Vice President and General Manager, Defendant Jim Wilcox, on December 2, 2016. Docs. 1-1 & 8. On January 4, 2017, Defendants removed the case to federal court. *Id.* Plaintiff's Complaint alleges, somewhat inartfully and often in summary fashion, that Defendants violated both the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, when they: (1) failed to accommodate Plaintiff's disability; (2) retaliated against Plaintiff for requesting an accommodation; (3) created a hostile work environment; and (4) harassed and discriminated against Plaintiff because of his sex. Plaintiff also alleges that Defendants breached Plaintiff's employment contract. Doc. 1-1.

As factual support for these claims, Plaintiff alleges that: (1) Plaintiff, as a person "with a documented established history [of] mental disabilities," requested an accommodation on June 19, 2015—nearly three months after the start of his employment with WALB—for

fifteen to twenty minutes breaks "in times when [Plaintiff] [became] stressed out;" (2) Defendants failed to provide a reasonable accommodation to Plaintiff by requiring Plaintiff to submit, before proceeding with the interactive process, a health examination questionnaire—which Plaintiff refused to submit at his own expense—twenty days after Plaintiff submitted paperwork to Defendants showing he was disabled; (3) Defendants did not allow Plaintiff to wear three-quarters of his wardrobe that Plaintiff was previously allowed to wear as a meteorologist on television even though a male employee, Chris Zelman, and women working for Defendants were allowed to wear similar shirts per Defendants' policy; (4) Plaintiff was heckled and harassed by management about his wardrobe; (5) Defendants failed to investigate Plaintiff's report of harassment per Defendants' policy; (6) Plaintiff was "provoked" by Defendants' hostile work environment "to the point it caused [Plaintiff] to be fired;" (7) Plaintiff was fired after a conference call with Defendants, regarding Plaintiff's request for accommodation, where Plaintiff, "raising [his] voice," threatened that Defendants were "gonna get in[to] a lawsuit," interrupted Defendant Soash multiple times and "spiral[ed] [ ] into a frenzy;" (8) Plaintiff was fired three weeks after asking for an accommodation for a disability; and (9) Defendants failed to either pay Plaintiff sixty days salary or give him sixty days' notice before his firing. Docs. 1-1 at 5-9, 23; 8-10 at 2. Plaintiff seeks compensatory and punitive damages for his humiliation and emotional distress, damage to his reputation, and inconvenience; the cost of shirts he could not return; back-pay; and a payout of his salary for the remainder of his employment contract. Doc. 1-1 at 5, 9.

Plaintiff filed a charge of discrimination on October 26, 2015, which was received by the EEOC on October 29, 2015. Doc. 6-1 at 2. Plaintiff received a right to sue letter from the EEOC on October 5, 2016. Doc. 8-27 at 1. Plaintiff filed this action on December 2, 2016. Doc. 1-1. On January 11, 2017, Defendants filed their Motion. Doc. 6. Plaintiff filed a timely Response on January 30, 2017, and Defendants filed their Reply on February 13, 2017. Docs. 12 & 13.

## LEGAL STANDARD

Rule 12(b)(6) requires that the complaint plead enough facts to state a claim for relief that is plausible—not just conceivable—on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). Although a court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs," it is not required "to accept the labels and legal conclusions in the complaint as true." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). At bottom, "the factual allegations in the complaint must possess enough heft to set forth a plausible entitlement to relief." *Edwards*, 602 F.3d at 1291 (punctuation omitted).

"'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys' and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). Nevertheless, a *pro se* plaintiff must still comply with the threshold requirements of the Federal Rules of Civil Procedure. *See Beckwith v. Bellsouth Telecommunications Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005). "Despite the leniency afforded *pro se* plaintiffs, the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

Generally, a district court "must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005) (citing Fed. R. Civ. P. 12(b)). The Eleventh Circuit has held, however, that "the court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed. In this context, 'undisputed' means that the authenticity of the document is not challenged." *Id.* at 1276 (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)). Here, in addition to the Complaint and its exhibits, the Court has considered Plaintiff's EEOC Complaint, right to sue letter, and employment contract. Docs. 6 & 8. These documents contain factual information central to Plaintiff's claims—such as whether Plaintiff has given the EEOC a chance to investigate his claims prior to filing suit and factual details about Plaintiff's claims. Further, the authenticity of these documents is not in dispute. Accordingly, the Court considers these documents without converting Defendants' Motion to Dismiss into a motion for summary judgment.

# DISCUSSION

## I. Claims against individual Defendants Soash and Wilcox

Defendants assert that the ADA and Title VII claims against Defendants Soash and Wilcox are due to be dismissed because Soash and Wilcox were not Plaintiff's employer. Doc. 6 at 4. Under Eleventh Circuit precedent, "individual defendants are not amenable to private suit" under the ADA or Title VII. *See, e.g.*, *Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007). Thus, Plaintiff cannot assert a claim against Soash and Wilcox under the ADA or Title VII.

Plaintiff's state law contract claim also fails against Soash and Wilcox. "All corporate bodies perforce must operate through individuals. The mere operation of corporate business does not render one personally liable for corporate acts." *Earnest v. Merck*, 358 S.E.2d 661, 663 (Ga. Ct. App. 1987) Thus, "[u]nder Georgia law, a corporation and its shareholders and officers are separate . . . and [an officer] is not bound by corporate acts, even though the individual may dictate every corporate decision." *United States v. Fid. Capital Corp.*, 920 F.2d 827, 836 (11th Cir. 1991) (citations omitted). Thus, Plaintiff has failed to state a claim against Soash and Wilcox for breach of contract. Accordingly, all claims against Defendants Soash and Wilcox are **DISMISSED**.

## II. Claims against Defendant WALB

### a. Title VII

Under Title VII, it is unlawful for an employer to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of his "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). "Prior to filing a Title VII action, [ ] a plaintiff first must file a charge of discrimination with the EEOC." *Gregory v. Georgia Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004). "The purpose of this exhaustion requirement is that the EEOC should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Id.* (citation and punctuation omitted). "[A] plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of

discrimination." *Id.* at 1280 (same). However, "the scope of an EEOC complaint should not be strictly interpreted." *Id.* (same).

Here, construing Plaintiff's EEOC Complaint liberally, Plaintiff has failed to exhaust his Title VII claims because nothing in Plaintiff's EEOC Complaint gives rise to the Title VII claims of hostile work environment or sex discrimination which Plaintiff included in his Complaint. Plaintiff's EEOC Complaint was for discrimination based on "disability", and the particulars as described by Plaintiff reference a hostile work environment and failure to accommodate within the context of his disability. Doc. 6-1 at 2. Thus, the EEOC had no opportunity to investigate Plaintiff's claim of a hostile work environment or sex discrimination under Title VII prior to the instant action, and Defendant WALB had no notice of these claims. Accordingly, Plaintiff has failed to state a claim under Title VII.

### b. ADA Failure to Accommodate

"The ADA prohibits discrimination by an employer 'against a qualified individual on the basis of a disability' in any of the 'terms, conditions, [or] privileges of employment.'" *Mazzeo v. Color Resolutions Int'l, LLC*, 746 F.3d 1264, 1267 (11th Cir. 2014) (alteration in original) (citing 42 U.S.C. § 12112(a)). To state a claim for disability discrimination under the ADA, Plaintiff must set forth facts sufficient to allege: (1) he had a disability; (2) was an otherwise qualified individual; and (3) that a 'covered entity' discriminated against him on account of his disability. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015). Plaintiff has alleged that (1) he needed breaks when he became stressed at work and that he is disabled due to mental disabilities; (2) he worked for WALB for approximately three months before requesting an accommodation and that he could perform his job duties with the requested accommodation; and (3) Defendants failed to accommodate him by refusing to engage in the interactive process until Plaintiff paid for a health exam questionnaire. Thus, Plaintiff has stated a claim for failure to accommodate against WALB.

Defendants argue that Plaintiff has not alleged sufficient facts showing that Plaintiff has a disability or that Plaintiff was a qualified individual. Doc. 6 at 8. Defendants also argue that because Plaintiff refused to fill out a health questionnaire, he refused to engage in the interactive process, and his claim should be dismissed. *Id.* at 4. These arguments are more

5

appropriate at the summary judgment stage. At this stage, under *Twombly* and *Iqbal*, the Court must take the allegations as true and construe the facts in the light most favorable to Plaintiff. Plaintiff has alleged sufficient facts with enough heft to set forth a plausible claim.

### c. ADA Retaliation

To state a claim for retaliation under the ADA, Plaintiff must allege facts sufficient to suggest: (1) he engaged in statutorily protected activity; (2) suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse action. *See Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1260-61 (11th Cir. 2001). Plaintiff has alleged that (1) he requested an accommodation as a disabled individual; (2) he was fired after his request for an accommodation; and (3) three weeks after his request for accommodation his employment was terminated in retaliation for making the request. Thus, Plaintiff has stated a claim for retaliation against WALB.

Defendants argue that Plaintiff has not alleged he engaged in protected activity and that his claim of retaliation should be dismissed. Doc. 6 at 9. As explained above, Defendants' argument is more appropriate at the summary judgment stage.

### d. ADA Hostile Work Environment

The Eleventh Circuit has not decided whether the ADA provides a cognizable claim for a disability-based hostile work environment. *See, e.g.*, *Cooper v. CLP Corp.*, 679 F. App'x 851, 853 n.2 (11th Cir. 2017). Courts that have addressed the issue have held that "[d]isability-based hostile environment claims are analyzed under the Title VII standards for hostile work environment claims." *Mont-Ros v. City of W. Miami*, 111 F. Supp. 2d 1338, 1362 (S.D. Fla. 2000). To state a hostile work environment claim, Plaintiff must set forth facts sufficient to allege: (1) he belongs to a protected class; (2) has been subject to unwelcome harassment; (3) the harassment was based on a protected characteristic of the employee; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) the employer is responsible for such environment. *See Snow v. Cirrus Educ. Grp., Inc.*, 2017 WL 6503624, at *1 (M.D. Ga. Dec. 19, 2017).

6

Plaintiff alleges that he was disabled and has thus alleged that he is a member of a protected class under the ADA. Plaintiff, however, has failed to allege that he was harassed because of his reaction to stress or any other mental disability. Thus, Plaintiff has failed to state a claim for hostile work environment against WALB.

### e. Plaintiff's Breach of Contract Claim

"Under Georgia law, the elements of a right to recover for a breach of contract are the breach and the resultant damages to the party who has the right to complain about the contract being broken." *Shiho Seki v. Groupon, Inc.*, 775 S.E.2d 776, 779 (Ga. Ct. App. 2015) (citations and punctuation omitted). Thus, to state a claim for breach of contract, Plaintiff must allege facts that set forth a plausible entitlement to damages from a breached contract. Plaintiff alleged the existence of a contract between himself and Defendants, that Defendants breached said contract under a specific provision, and that he suffered damages. Thus, Plaintiff adequately has alleged a breach of contract claim against WALB.

Again, as discussed above, Defendants' arguments as to why Plaintiff cannot prevail are more appropriate for the summary judgment stage. For example, Defendants argue: "If Plaintiff's employment termination was 'with cause,' WALB was within its contractual right not to provide advance notice or payment to Plaintiff." Doc. 6 at 12. This ambiguity is one which is not appropriately resolved at this stage.

## CONCLUSION

District courts are instructed to give a *pro se* plaintiff an opportunity to amend the complaint when it appears the complaint might state a claim if it is more carefully drafted. *See Jemison v. Mitchell*, 380 F. App'x 904, 907 (11th Cir. 2010). "Dismissal . . . is proper, however, if . . . a more carefully drafted complaint could not state a valid claim." *Id.* Here, Plaintiff's Title VII claims and Plaintiff's claims against Soash and Wilcox are barred by law. Thus, leave to amend as to these claims would be futile. Plaintiff may, however, **within twenty-one days of the date of this Order**, file an Amended Complaint as to his ADA hostile work environment claim against WALB. The failure of Plaintiff to timely file an Amended Complaint as to Plaintiff's ADA hostile work environment claim against WALB will result in a dismissal of that claim with prejudice.

7

Accordingly, Defendants' Motion, Doc. 6, is **GRANTED in part and DENIED in part**. All claims against Defendants Soash and Wilcox are **DISMISSED.** Plaintiff's sex discrimination and hostile work environment under Title VII are **DISMISSED**. Plaintiff's failure to accommodate and retaliation claims under the ADA and Plaintiff's breach of contract claim against Defendant WALB are allowed to proceed.

**SO ORDERED**, this 5th day of February, 2018.

/s/ Leslie J. Abrams
**LESLIE J. ABRAMS, JUDGE**
**UNITED STATES DISTRICT COURT**